UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10120-RWZ

WILLIAM VARGAS

v.

PETER ST. AMAND

ORDER

July 12, 2010

ZOBEL, D.J.

Petitioner William Vargas, currently an inmate at MCI-Souza Baranowski, pled guilty in Massachusetts superior court to armed robbery and breaking and entering with intent to commit a misdemeanor.  He was sentenced to, respectively, 14 to 15 years incarceration and lifetime probation with the statutory monthly probation fee.  He argues that those sentences were constitutionally invalid and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.   Background**

In a single plea hearing on March 13, 2003, Vargas pled guilty to multiple criminal charges brought in three indictments.  The first indictment arose out of a bank heist and charged armed robbery, breaking and entering with intent to commit a misdemeanor, and violation of a town ordinance, with a habitual criminal enhancement.  On the armed robbery and breaking and entering charges he was sentenced to the aforementioned 14 to 15 years incarceration and lifetime probation with a monthly

probation fee. The Commonwealth agreed not to prosecute the habitual criminal enhancement and the violation of a town ordinance was resolved as "guilty filed."[1] The second indictment arose out of the robbery of Vargas' neighbor's home. Petitioner pled guilty to both charges, breaking and entering with intent to commit a felony and larceny over $250, and received two sentences of lifetime probation to run concurrently with each other and with the bank heist indictment sentence of lifetime probation. The third indictment charged escape from custody, to which he also pled guilty and in which he was sentenced to another concurrent period of lifetime probation.

Several weeks after sentencing Vargas moved to revise and revoke the sentences of incarceration and lifetime probation imposed for the bank robbery related convictions, but he did not challenge the three other concurrent lifetime probation sentences. (S.A. 86, Docket # 13.) His motion was denied. His appeal of the denial was also unsuccessful. Commonwealth v. Vargas, 860 N.E.2d 702 (Mass. App. Ct. 2007) (unpublished disposition). The Supreme Judicial Court declined to hear his case. Commonwealth v. Vargas, 885 N.E.2d 835 (Mass. 2008) (unpublished disposition).

**II.    Analysis**

Petitioner's application for a writ of habeas corpus cannot be granted unless his state court adjudication was contrary to or an unreasonable application of clearly

---

[1] "A guilty-filed disposition involves an admission of sufficient facts for a possible finding of guilt, but not an explicit admission of guilt." Griffiths v. I.N.S., 243 F.3d 45, 51-52 (1st Cir. 2001) (internal quotations marks omitted). There is no formal finding of guilt, no sentence and no right to appeal. Id.

established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The individual fact findings underpinning a state court decision are entitled to a presumption of correctness which petitioner may rebut by clear and convincing evidence. Id. at § 2254(e); see Teti v. Bender, 507 F.3d 50, 57-58 (1st Cir. 2007) (discussing relationship between § 2254(d) and (e)).

Petitioner presents two grounds for habeas corpus relief. First, he argues that he was denied due process when (1) the prosecution violated a plea agreement by recommending a sentence of lifetime parole rather than a short term of parole; and (2) the trial judge accepted his plea without informing him of the sentence.[2] A plea must be both voluntary and made with knowledge of the likely consequences, Brady v. United States, 397 U.S. 742, 748 (1970), and a subsequent breach of a plea agreement, while not negating the knowing and voluntary nature of a plea, entitles a defendant to some remedy, Puckett v. United States, 129 S.Ct. 1423, 1429-30 (2009). Second, he asserts that his counsel was ineffective because she did not tell him that he would be sentenced to lifetime parole with a monthly probation fee and she failed to inform the prosecution of mitigating evidence including drug and alcohol addiction and errors on petitioner's probation record. To prevail, he will have to show that his counsel did not

---

[2]It appears from the record that plaintiff did not raise the allegation regarding a breach of the plea agreement in his motion to revise and revoke. (S.A. 128-29; see S.A. 196 (Commonwealth's brief before the appeals court).) The Commonwealth does not argue that petitioner failed to exhaust, and the breach of the plea agreement was briefly addressed in the appeals court opinion, so this court will consider that argument on the merits. See 28 U.S.C. 2254(b)(2).

provide reasonably effective assistance and he was thereby so prejudiced as to be deprived of a fair proceeding.  Strickland v. Wash., 466 U.S. 668, 687 (1984).

### A. Factual Determinations

His arguments are, at root, disputes over three factual determinations of the appeals court, namely, that (1) the record below did not support petitioner's argument that the prosecution violated an agreement to recommend a short period of probation; (2) petitioner was informed of the lifetime probation sentence at the plea hearing; and (3) counsel presented the mitigating evidence to the prosecutor.  The first and second findings dispose of the due process claim, the second also eliminates any prejudice from counsel's alleged failure to inform him of the lifetime sentence, and the third is contrary to his claim that counsel failed to disclose mitigating evidence.

Petitioner has not demonstrated by clear and convincing evidence that the prosecution breached a plea agreement and that the appeals court unreasonably viewed the record.  To the contrary, he admits in his reply brief that he was "not part of the discussions between plea counsel and the prosecutor" concerning the plea agreement.  (Pet'rs Resp. 11, Docket # 18.)  There is an affidavit from the prosecutor in which he states that the case "was ultimately resolved by a change of plea with a joint recommendation . . . .  Judge Agnes . . . accepted the recommendation and imposed the proposed sentences." (SA 220.)  Plea counsel also declined to file a motion to revise

and revoke because "the plea you offered was agreed to [and] I simply am not in a position to file this motion." (S.A. 127.)

Vargas similarly fails to show that the trial court did not inform him of the lifetime probation sentence when he entered his plea. The plea hearing transcript contains multiple references to the lifetime probation sentence from the court, the prosecutor, and his counsel, and the court specifically asked if petitioner understood the significance of the probation sentence. (S.A. 283-84; see S.A. 264; S.A. 281-82.)

He fares no better in challenging the conclusion that plea counsel had disclosed the mitigating evidence to the prosecution. As already noted, petitioner was not present during the plea discussions between plea counsel and the prosecutor, and the prosecutor states by affidavit that he was informed of petitioner's drug and alcohol addictions and the errors on the probation record. (S.A. 220.)

### B.   Legal Reasoning

The court cannot conclude, based on the record, that denial of petitioner's motion to revise and revoke was contrary to or an unreasonable application of Supreme Court precedent. There was no due process violation; petitioner's plea was voluntary and knowing as he was told of the consequences of his plea and the prosecutor did not breach a plea agreement. Petitioner did not receive ineffective assistance from counsel; she disclosed the mitigating evidence to the prosecutor and secured a plea agreement in which the Commonwealth did not press the habitual offender enhancement which could have mandated a sentence of life imprisonment. (S.A. 220-21.)

While the appeals court did not expressly consider whether plea counsel informed petitioner that the plea agreement included lifetime probation on the breaking and entering charge, any failure to inform resulted in no prejudice. As the appeals court points out, petitioner was fully informed of the sentence at the plea hearing. Further, he received three other concurrent sentences of lifetime probation at that same hearing, sentences which he does not challenge.

Finally, even if, contrary to the evidence, petitioner did not know he would be sentenced to lifetime probation on the breaking and entering charge, the appeals court reasonably concluded that it is not plausible this knowledge would have made a difference when he simultaneously received – without objection – identical lifetime probation sentences on three other counts. The court notes that to whatever extent petitioner is protesting the $50 monthly probation fee, it is a condition of probation, Mass. Gen. Laws ch. 276, § 87A, not specific to the breaking and entering charge, and the trial court could have attached it to any of the other three lifetime probation sentences.

**C.   A Hearing**

Petitioner argues that, notwithstanding his current lack of clear and convincing evidence, he is entitled to an evidentiary hearing at which he would question plea counsel regarding the terms of the plea agreement and her lack of disclosure. It is not, however, apparent from his petition or briefing that a hearing is likely to elicit information which would entitle him to habeas relief. See Teti, 507 F.3d at 62-63. His assertions regarding the breached plea agreement are entirely speculative, which is the reason he

6

is requesting a hearing (Pet'rs Resp. 11), and his speculation is contradicted by evidence including the sworn affidavit from the prosecutor. If plea counsel were to testify that she did not inform petitioner in advance of the lifetime probation sentence, her testimony would not change the conclusion that petitioner suffered no prejudice from any lack of disclosure.

### III. Conclusion

The petition for a writ of habeas corpus (Docket # 1) is DENIED. Judgment may be entered for respondent.

    July 12, 2010                                  /s/Rya W. Zobel
        DATE                                              RYA W. ZOBEL
                                                      UNITED STATES DISTRICT JUDGE